UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMISHA V. JACOBS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ANDREW SAUL,<br><br>　　　　　Defendant. | Case No. 19-cv-02975-SK<br><br>**ORDER REFERRING ATTORNEY HARVEY PETER SACKETT TO THE STANDING COMMITTEE ON PROFESSIONAL CONDUCT FOR DISCIPLINARY PROCEEDINGS** |

On October 21, 2019, Plaintiff Damisha V. Jacobs filed a stipulated request to extend her deadline to file a motion for summary judgment for fifty days, to January 4, 2020. Plaintiff stated that the basis for her requested extension was her counsel's workload. The Court granted her an extension of lesser duration and required her to file the motion for summary judgment by November 15, 2019. The Court informed the parties that no further extensions would be granted without a showing of extraordinary good cause. The Court also admonished the parties to email Microsoft Word versions of proposed orders with motions and stipulations to skpo@cand.uscourts.gov in accordance with the Court's Standing Order.

Despite the Court's prior order limiting her requested extension and informing her that no further extensions would be granted without a showing of extraordinary good cause, almost three weeks *after* her deadline had passed, on December 4, 2019, Plaintiff again sought a *fifty-day* extension based on her counsel's workload. Such conduct is not acceptable. Nevertheless, because the Court does not want to punish Plaintiff for her counsel's errors, the Court granted Plaintiff an extension to file her motion for summary judgment to January 4, 2020.

The Court admonished Plaintiff's counsel that no further extensions would be granted absent a showing of extraordinary good cause. Additionally, the Court admonished Plaintiff's

counsel that if there were further violations of the Court's orders, the Court would sanction counsel personally and refer counsel to the United States District Court for the Northern District of California's Standing Committee on Professional Conduct.

Without seeking leave of Court, Plaintiff filed her motion for summary judgment on January 6, 2020, two days past the deadline. Again, because the Court does not want to punish Plaintiff for her counsel's actions, the Court will not strike her motion as late. However, the Court is concerned that the current manner in which Plaintiff's counsel, Harvey Peter Sackett, is representing his client. At this time, the Court will not issue an order to show cause why sanctions should not issue or order personal sanctions against Plaintiff's counsel, but the Court does not foreclose that option if there are further violations of the Court's orders.

The Court HEREBY REFERS Harvey Peter Sackett to the United Stated District Court for the Northern District of California's Standing Committee on Professional Conduct.

**IT IS SO ORDERED**.

Dated: January 30, 2020

_____
SALLIE KIM
United States Magistrate Judge